IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY A. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1650-BN |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | |
| INSURANCE COMPANY (d/b/a "STATE | § | |
| FARM"), | § | |
| | § | |
| Defendant. | § | |

## INITIAL SCHEDULING ORDER

The Court enters this initial scheduling order under the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas and Federal Rule of Civil Procedure 16(b).

1. **Joinder of Parties.** Any motion for leave to join additional parties must be filed by **October 31, 2019**.

2. **Amendment of Pleadings.** Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under [Federal Rule of Civil Procedure] 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Federal Rule of Civil Procedure 15(a)(2) then provides that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Accordingly, unless Rule

-1-

15(a)(1) permits an amended or supplemental pleading to be filed without leave, or an amended or supplemental pleading is filed with the opposing party's written consent, a motion for leave must be filed to amend or supplement pleadings, and any motion for leave must be filed by **October 31, 2019**. The Court generally will grant a timely-filed motion for leave to amend as a matter of course absent a showing of undue prejudice or futility. *See* FED. R. CIV. P. 15(a). No amendments will be allowed after this deadline except on a showing of good cause. *See* FED. R. CIV. P. 16(b)(4).

    3.    **<u>Expert Witnesses</u>.** Under Federal Rule of Civil Procedure 26(a)(2)(D), a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the expert witness(es) by **February 28, 2020**. A party who intends to offer expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party" must designate the rebuttal expert witness(es) by **March 30, 2020**.

The designation of experts must comply with the provisions of Federal Rule of Civil Procedure 26(a), including the preparation of a written report signed by the expert. But a written report is only required "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(B). If, under Federal Rule of Civil Procedure 26(a)(2)(B), an expert report is not required, the designation must comply with Federal Rule of Civil Procedure 26(a)(2)(C)'s requirements.

-2-

Any motion challenging, seeking to disqualify, or otherwise related to a designated expert witness or his or her designation or testimony must be filed by **June 19, 2020**.

4. **Discovery.** Initial disclosures must be made by **September 26, 2019,** and comply with Federal Rule of Civil Procedure 26(a)(1). This includes providing individual home addresses & phone numbers, as opposed to work addresses, of individuals likely to have discoverable information, and a full, unredacted copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

All discovery must be initiated in time to be completed by **May 29, 2020**. This includes the use of subpoenas to obtain documents from third parties under Federal Rule of Civil Procedure 45 and the supplementation of discovery responses as required by Federal Rule of Civil Procedure 26(e). (But this order does not relieve any party of the Rule 26(e)(1) obligation to supplement or correct a disclosure or response if the party learns after January 31, 2020 that, in some material respect, a prior disclosure or response is incomplete or incorrect and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.)

The presumptive limit of 10 depositions per side, seven hours per deposition, and 25 interrogatories per party will apply in this case. *See* FED. R. CIV. P. 30(a)(2)(A)(i) & 33(a)(1). Additionally, no party may serve more than thirty Federal Rule of Civil

Procedure 36 requests for admission without leave of court for good cause shown. For purposes of this limitation, a single request for admission must be limited to a single statement or matter that the serving party seeks for the responding party to admit. *See* FED. R. CIV. P. 36(a)(2) ("Each matter must be separately stated."). No other limitations on discovery are imposed at this time.

Any motion to compel discovery or for a protective order must be filed by the later of (1) **March 8, 2020** or (2) 10 days after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid as-yet uncompleted depositions, service of discovery responses, or production of documents or electronically stored information must be filed by **June 3, 2020**.

Any motion to quash or for protective order relating to a deposition that is filed in less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

The parties have agreed to preserve any and all electronically-stored evidence that they believe could be relevant to this case as well as the electronic devices through which any exchanges were made. *See* Dkt. No. 9 at 1.

At Plaintiff's request, the Court will also order that:

- Before sending any subpoenas or other correspondence to Plaintiff's current employer (including providing any third-party service providers with any documents to be served on Plaintiff's current employer), Defendant's counsel must confer with Plaintiff's counsel about the proposed subjects of the subpoena. In the event that the Parties cannot reach an agreement on the matter, Plaintiff must within 14 days of the conference file a motion to quash and/or motion for protective order to submit the dispute to the Court for a ruling. In no event may subpoenas or other correspondences be sent or served to Plaintiff's current employer, unless: (a) the parties have reached an agreement on the form and substance of the subpoena or correspondence to be sent, or (b) the Court has issued an order authorizing service of the subpoena or correspondence.

- When either party requests a deposition of a witness within the other party's control, available dates will be provided to the requesting party within 7 days of the request, unless the other party's counsel communicates within those 7 days to the requesting party's counsel that available dates cannot provided during that time frame and provides a realistic estimate of when available dates can be provided.

- While initial document production may be made in bates-numbered .PDF format, the receiving party may make a written request to the producing party that certain electronic documents be re-produced in their native

format, with metadata intact. In that event, the producing party must indicate within 10 days of said request as to whether they oppose the request, and if so on what grounds. If there is no objection, the native format files must be produced within 14 days of the date of the written request.

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

And, under Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being

notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

    5.    **Settlement.** The Court will, by a separate order, refer the parties to a settlement conference with a magistrate judge. But the parties should advise the Court immediately if they believe that their settlement discussions and negotiations would, in advance of any other action by the Court, benefit from a referral to mediation, a settlement conference, or any other form of alternative dispute resolution. *See* N.D. TEX. L. CIV. R. 16.3 ("Settlement. a. Settlement Negotiations. Parties in a civil action must make good-faith efforts to settle. Settlement negotiations must begin at the earliest possible time, well in advance of any pretrial conference. b. Settlement Conferences. A judge will be available for settlement discussions. In nonjury cases the presiding judge will not discuss settlement figures unless requested to do so by all concerned parties."). No later than 7 days after the mediation is completed, the parties must file a joint status report that is limited to advising the Court that the case did or did not settle.

    6.    **Dispositive Motions.** All dispositive motions must be filed by **June 19, 2020**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). The party filing a dispositive motion must, in a separate section at the beginning of the brief, identify the live pleadings for each party who has appeared in the action and

specify the name of each pleading, the date it was filed, and the pleading's document number on the Court's docket. Additionally, except to the extent that any requirement is modified herein, any motion for summary judgment must comply with the requirements of Northern District of Texas Local Civil Rules 56.3(a)-(d), 56.5(a), 56.5(c), and 56.6(a)-(b).

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R. 56.2(b).

If a motion for summary judgment is timely filed, the Court will establish a summary judgment briefing schedule by separate order. Ordinarily, the Court will grant the non-movant 30 days to file a response, and the movant will then be granted 15 days to file a reply. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, or summary judgment evidence or other documents

will be allowed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer.

If a motion to dismiss becomes moot due to the filing of an amended complaint, the moving party must notify the Court immediately.

7. **Motions Not Otherwise Covered.** A party must file a motion not otherwise covered by this order by no later than **June 19, 2020**. This deadline does not apply to motions in limine (other than motions related to an expert witness) or to objections filed under Federal Rule of Civil Procedure 26(a)(3), which must be filed no later than the deadlines to be established by an order setting trial-related deadlines to be issued later.

8. **Compliance with Standing Order.** All discovery-related motions, pleading disputes, and other non-dispositive motions must comply with the Standing Order on Discovery and Other Non-Dispositive Motions entered in this case.

9. **Modifying Deadlines.** The deadlines set forth in this order will not be modified except on written motion for good cause shown. *See* FED. R. CIV. P. 16(b)(4). Further, the Court strongly discourages any request to extend the dispositive motions deadline through a motion that is filed within three business days of the existing deadline and will grant any such motion only on a showing in the written motion of extraordinary circumstances.

The Court will set this case for trial by separate order that will establish trial-related deadlines, including a deadline for submitting a joint pretrial order, witness lists, exhibit lists, deposition excerpts, and a proposed jury charge or findings of fact and conclusions of law. The order will also establish deadlines for filing motions in limine (other than motions related to an expert witness) and other trial-related motions.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

10. **Change of Contact Information.** Any attorney or any party who is proceeding *pro se* who changes the attorney's or party's business address or mailing address, e-mail address, telephone number, facsimile number, or name must promptly notify the Clerk of the Court and the Court in writing. If the attorney or party is a registered user of Electronic Case Files ("ECF"), the attorney or party must, in addition to notifying the Court in writing, promptly follow the procedures in the ECF Administrative Procedures Manual to update the changed address, e-mail address, telephone number, facsimile number, or name.

11. **Noncompliance.** The failure to comply with any part of this order may result in the imposition of sanctions. *See* FED. R. CIV. P. 16(f).

Should any party or counsel fail to cooperate in accomplishing anything required by this order, that party or counsel or both may be subject to sanctions, including dismissal or entry of default.

The Court further informs parties not to include "private or sensitive information in any document filed with the Court unless [it] is necessary to the case." This includes, but is not limited to, social security numbers, taxpayer identification numbers, financial account numbers, minors' names, and dates of birth.

SO ORDERED.

DATED: September 24, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE