IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY A. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-1650-BN |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (d/b/a "STATE FARM"), | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES**

Plaintiff Bobby A. Jones filed Plaintiff's Motion to Compel Responses to Discovery Requests, *see* Dkt. No. 21 ("Jones's MTC"), asking the Court to "overrule Defendant [State Farm Mutual Automobile]'s objections to each of the [following] discovery requests, and compel Defendant to respond clearly and in full, and to produce all documents responsive to the requests: Plaintiff's Interrogatories 2, 3, 4, and 5; and Plaintiff's Requests for Production 3, 10, 13, 14, 15, 16, 24, and 35," *id.* at 1.

Defendant State Farm Mutual Automobile filed its own Motion to Compel Discovery Responses, *see* Dkt. No. 23 ("State Farm MTC"), asking the Court to overrule Jones's objections to, and compel Jones to serve answers or responsive documents in response to, Defendant's Requests for Production Nos. 10, 12, 13, 16, 23, 24, 47, and 48 and Defendant's Interrogatories to Plaintiff Nos. 3, 5, and 10 and to resolve the parties' disagreements on the content of an agreed protective order, *see* Dkt. No. 24.

The Court has laid out that standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel such as Jones's or State Farm's as to Federal Rule of Civil Procedure 33 interrogatories and Federal Rule of Civil Procedure 34 requests for production, and the Court incorporates and will apply – but will not repeat – those standards here. *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86 (N.D. Tex. 2018).

The Court has carefully considered the parties' briefing and GRANTS in part and DENIES in part both Jones's MTC and State Farm's MTC to the extent and for the reasons explained below.

I. Plaintiff's Interrogatory Nos. 2, 3, and 4

For essentially the reasons that Jones urges in the joint status report, the Court overrules State Farm's objections – including any privacy objections – to providing amended answers containing the information that subsections (a) and (c) of Interrogatory Nos. 2, 3, and 4 seek: each individual's years of employment with State Farm at the time of the decision or application or his/her current job title with State Farm (if any).

This information is relevant to Jones's claims and amounts to discovery that is proportional to the needs of the case, and State Farm has not established that answering with this additional information would be unduly burdensome.

The Court orders State Farm to, by **March 5, 2020** serve an amended answer – without objections – that fully and directly answers the questions posed in subsections (a) and (c) of Interrogatory Nos. 2, 3, and 4.

II. Plaintiff's Interrogatory No. 5

For essentially the reasons that Jones urges in the joint status report, the Court overrules State Farm's objections – including any privacy objections – to providing an amended answer to Interrogatory No. 5 as limited in scope to the LDA assignment that Jones sought but did not get, during the 2015-2018 time period.

This information is relevant to Jones's claims and amounts to discovery that is proportional to the needs of the case, and State Farm has not persuasively established that answering with this additional information would be unduly burdensome.

The Court orders State Farm to, by **March 5, 2020** serve an amended answer – without objections – that fully and directly answers the questions posed in Interrogatory No. 5.

III. Plaintiff's Request for Production No. 3

State Farm has not persuasively established that job descriptions that Jones seeks are not relevant to his claims or that this request seeks discovery that is not proportional to the needs of the case, and State Farm has not established that responding fully to this request would be unduly burdensome.

The Court overrules State Farm's objections and orders State Farm to, by **March 5, 2020**, serve an amended response – without objections – to, and produce all previously unproduced, responsive documents in response to, Plaintiff's Request for Production No. 3 in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

IV. Plaintiff's Request for Production No. 10

For essentially the reasons that Jones urges in the joint status report, State Farm has not persuasively established that documents that Jones seeks are not relevant to Jones's claims or that this request seeks discovery that is not proportional to the needs of the case, and State Farm has not established that responding fully to this request would be unduly burdensome or violate privacy concerns that would make discovery of this information inappropriate in this case. The Court overrules State Farm's objections and orders State Farm to, by **March 5, 2020**, serve an amended response – without objections – to, and produce all previously unproduced, responsive documents in response to, Plaintiff's Request for Production No. 10 in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

V. Plaintiff's Request for Production No. 13

For essentially the reasons that Jones urges in the joint status report, State Farm has not persuasively established that documents that Jones seeks are not relevant to Jones's claims or that this request seeks discovery that is not proportional to the needs of the case, and State Farm has not established that responding fully to this request would be unduly burdensome or violate privacy concerns that would make discovery of this information inappropriate in this case. The Court overrules State Farm's objections and orders State Farm to, by **March 5, 2020**, serve an amended response – without objections – to, and produce all previously unproduced, responsive documents in response to, Plaintiff's Request for Production No. 13 in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

VI. Plaintiff's Request for Production Nos. 14, 15, and 16

The Court is persuaded, for the reasons that State Farm explains in the joint status report, that the discovery that Jones seeks through these requests is not relevant to Jones's claims or – even if it is marginally relevant – that these requests seek discovery that is not proportional to the needs of the case. The Court sustains State Farms objections to, and DENIES Jones's MTC as to, Plaintiff's Request for Production Nos. 14, 15, and 16.

VII. Plaintiff's Request for Production No. 24

For essentially the reasons that Jones urges in the joint status report, State Farm has not persuasively established that documents that Jones seeks are not relevant to Jones's claims or that this request seeks discovery that is not proportional to the needs of the case. The Court overrules State Farm's objections and orders State Farm to, by **March 5, 2020**, serve an amended response – without objections – to, and produce all previously unproduced, responsive documents in response to, Plaintiff's Request for Production No. 24 in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

VIII. Plaintiff's Request for Production No. 35

For essentially the reasons that Jones urges in the joint status report, State Farm has not persuasively established that documents that Jones seeks are not relevant to Jones's claims or that this request seeks discovery that is not proportional to the needs of the case – insofar as Jones seeks documents regarding complaints/ or lawsuits alleging the same type of discrimination alleged by Jones, filed by others who

worked for any of the same supervisors as Jones. The Court overrules State Farm's objections and orders State Farm to, by **March 5, 2020**, serve an amended response – without objections – to, and produce all previously unproduced, responsive documents in response to, Plaintiff's Request for Production No. 35 in compliance with Federal Rule of Civil Procedure 34(b)'s requirements.

IX. Additional amended answers or responses and supplemental production

To the extent that State Farm has agreed to update responses to all of the Interrogatories and some of the Requests for Production and to make some supplemental productions in response to Jones's MTC, State Farm must serve these supplemental or amended materials by **March 5, 2020**.

X. Defendant's Request for Production Nos. 10 and 13

Although parties may not withhold material simply because the opponent could discover it on his or her own, the Court is persuaded that requiring Jones to produce to State Farm all communications between Jones's attorneys and State Farm's attorneys is not proportional to the needs of the case. The Court sustains Jones's objections in part and orders Jones to, by **March 5, 2020**, serve amended responses that represent, subject to Federal Rules of Civil Procedure 26(g)'s and 34(b)'s, that there are no communications between Jones and State Farm's attorneys, and the Court otherwise DENIES State Farm's MTC as to Defendant's Request for Production Nos. 10 and 13.

XI. Defendant's Request for Production No. 12

The Court is persuaded that Jones properly responded by defining "statement" and responding accordingly. *See Lopez*, 327 F.R.D. at 580.

The Court DENIES State Farm's MTC as to Defendant's Request for Production No. 12.

XII. Defendant's Request for Production No. 16

The Court is persuaded that this request is premature and that Jones may comply with the pretrial disclosure deadlines set by the Court. The Court DENIES State Farm's MTC as to Defendant's Request for Production No. 16.

XIII. Defendant's Request for Production No. 23 and 24

For the reasons that Jones explains in the amended joint status report, the Court is persuaded that discovery of these materials should await any post-trial attorneys' fees proceedings and therefore DENIES State Farm's MTC as to Defendant's Request for Production Nos. 23 and 24.

XIV. Defendant's Request for Production No. 47 and Interrogatory No. 3

For the reasons that Jones explains in the amended joint status report, the Court is persuaded that the discovery that State Farm seeks through these requests are not relevant to Jones's claims or – even if it is marginally relevant – that these requests seek discovery that is not proportional to the needs of the case. The Court sustains Jones's objections to, and DENIES State Farm's MTC as to, Defendant's Request for Production No. 47 and Interrogatory No. 3.

XV. Defendant's Request for Production No. 48

For the reasons that Jones explains in the amended joint status report, the Court is persuaded that Jones's objections should be sustained in part and will GRANT in par State Farm's MTC in part as to Defendant's Request for Production No. 48 and orders Jones to, by **March 5, 2020**, complete an Authorization for Release of Personnel and Payroll Records limited to Jones's USAA pay records, W-2s, and employment dates, which State Farm may serve on USAA if Jones does not also, by **March 5, 2020**, provide State Farm with a complete set of those materials.

XVI. Defendant's Interrogatory No. 5

The Court is persuaded that the net income information that State Farm seeks is relevant and proportional to the needs of the case and orders Jones to, by **March 5, 2020**, serve an amended answer – without objections – that fully and directly states his net income – that is, pre-tax and post-tax amounts of his income – for the past five years.

XVII. Defendant's Interrogatory No. 10

For the reasons that Jones explains in the amended joint status report, the Court is persuaded that Jones's objections should be sustained as to communications with his wife and DENIES States Farm's MTC as to Defendant's Interrogatory No. 10.

XVIII. Agreed Protective Order

As to the disputes regarding an agreed protective order, the Court determines that an agreed protective order should provide for both the Confidential Attorney Eyes Only Information designation and the return or destruction of confidential information

provisions in the form protective order (for patent cases) attached to N.D. Tex. Misc. Order No. 62. The parties are directed to file a motion for entry of an agreed protective order, with these provisions, by **February 28, 2020**.

* * * *

And, under Federal Rule of Civil Procedure 37(a)(5), the Court determines that, under all of the circumstances presented here and based on the rulings above, the parties will bear their own expenses, including attorneys' fees, in connection with both Jones's MTC and State Farm's MTC.

SO ORDERED.

DATED: February 20, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE